O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSE JOHANSEN, | ) | CV 11-06668 RSWL (FFMx) |
| Plaintiff, | ) | **ORDER re: Defendant American General Life Insurance Company's Motion to Dismiss Plaintiff's Complaint [4]** |
| v. | ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, DOES 1-50, inclusive, | ) | |
| Defendants. | ) | |

On October 4, 2011, Defendant American General Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Complaint [4] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also **DENIES** the accompanying Motion to Strike Plaintiff Rose Johansen's ["Plaintiff] claim for punitive damages.

1

Under Federal Rule of Civil Procedure 12(b)(6), a dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A party need not, however, state the legal basis for his claim, only the facts underlying it. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

As a preliminary matter, Defendant's Motion appears to primarily focus on the Breach of Contract claim given that the success of the other two claims – Declaratory Relief and Bad Faith – are dependent on the success of the Breach of Contract claim. As such, the following analysis centers on Plaintiff's Breach of Contract claim.

Defendant argues that Plaintiff's breach of contract should be dismissed because California law requires that Plaintiff attach the actual contract or allege the key terms that were allegedly breached, which Plaintiff has not done here. Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 306 (Ct. App. 1999). This Court, however, finds Defendant's argument without merit as California law does make an exception for pleadings that state "the legal effect of the contract rather than its precise language." Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co., 29 Cal. 4th 189, 199 (Ct. App. 2002). Here, the Court

finds that Plaintiff sufficiently plead the legal effect of the contract, which Plaintiff alleges "required American General to pay death benefits to the beneficiary, Plaintiff Rose Johansen, upon the death of Gordon J. Johansen." Compl. ¶ 8.

Furthermore, under California law, a cause of action for damages for breach of contract is comprised of the following elements: (1) existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. <u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1388 (Ct. App. 1990). In this case, the Court finds that the Complaint pleads sufficient facts to support these elements pursuant to Federal Rule of Civil Procedure 12(b)(6) and the requirements of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). As such, the Court hereby **DENIES** Defendant's Motion to Dismiss.

In addition, Defendant moves to Strike Plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant contends that punitive damages are inappropriate because Plaintiff has not alleged that any malicious act was undertaken or

1 ratified by an officer, director, or agent of American
2 General Life Insurance Company as required by
3 California Civil Code section 3294(b).  The Court,
4 however, finds Defendant's argument without merit given
5 that Paragraph 35 of the Complaint specifically alleges
6 this fact.  Furthermore, punitive damages are generally
7 an appropriate remedy in insurance cases where the
8 insurer denies benefits unreasonably as alleged here.
9 <u>Jordan v. Allstate Ins. Co.</u>, 148 Cal. App. 4th 1062,
10 1073 (Ct. App. 2007).  Thus, the Court **DENIES**
11 Defendant's Motion to Strike.
12     Accordingly, the Court hereby **DENIES** Defendant's
13 Motion to Dismiss Plaintiff's Complaint.  The Court
14 also **DENIES** Defendant's Motion to Strike Plaintiff's
15 claim for punitive damages.
16
17 DATED: October 13, 2011
18 **IT IS SO ORDERED.**
19
20                               RONALD S.W. LEW
21                         **HONORABLE RONALD S.W. LEW**
22                         Senior, U.S. District Court Judge
23
24
25
26
27
28

4